IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAUTILUS HYOSUNG AMERICA, INC. | § § § | |
| Plaintiff, | § § | |
| V. | § | CAUSE NO._____ |
| BMO BANK, N.A., F/K/A<br>BMO HARRIS BANK, N.A.<br>AS SUCCESSOR IN BUSINESS TO<br>BANK OF THE WEST AND<br>BANK OF THE WEST | § § § § § § § | |
| Defendants. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Nautilus Hyosung America, Inc. (hereinafter "Plaintiff NHA" or "NHA"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure files this Complaint for Declaratory Judgment showing the Court as follows:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Plaintiff NHA is a corporation organized and existing under the laws of the State of Delaware with its principal office at 225 E. John Carpenter Freeway, Suite 1000, Irving, Texas 75062. Plaintiff NHA is a citizen of both the States of Delaware and Texas. 28 U.S.C. §1332(c)(1).

2. Upon information and belief, Defendant BMO Bank, N.A., formerly known as BMO Harris Bank, N.A. ("Defendant BMO" or "BMO") is a private national bank with its principal place of business at 320 S Canal St., Chicago, IL 60606. Upon information and belief, BMO is a citizen of the State of Illinois.

3. Upon information and belief, Defendant Bank of the West ("Defendant BOW" or "BOW") is a California stock corporation merged out and into BMO. Defendant Bank of the

West's principal place of business is 180 Montgomery St., 25th Floor, San Francisco, CA 94104, and it is a citizen of the State of California.

4. This Court has original jurisdiction over this action because complete diversity of citizenship exists between Plaintiff NHA, Defendant BMO, and Defendant BOW and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Court's judicial district. Otherwise, venue is proper in this Court under 28 U.S.C. §1391(b)(3) because Defendant BMO and Defendant BOW are subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

6. NHA is a manufacturer and service provider of ATM machines. On March 5, 2018, NHA entered into a Master Sales and Service Agreement ("MSA") with Defendant BOW. The MSA is a contract to provide certain Equipment and Services; indeed, the MSA commences with an explanation that "Equipment" means "all purchases of automated teller machines, teller case dispensers, recyclers, kiosks, parts and other goods" while "Services" means collectively Software Support and Maintenance Services.[1]

7. NHA's pricing is dependent upon its costs for both equipment and labor in a given time period, as well as the quantity of Equipment to be sold and serviced. Economies of scale are involved.

8. Pricing is agreed by a purchase order attached as an exhibit and integrated with the

---

[1] *See* Mar. 5, 2018 Master Sales and Service Agreement ("MSA") at 1.1, attached as Exhibit A.

MSA.[2]  The MSA is effective for a "Term" of three (3) years from the date of the last signature to the agreement.[3]

9. Thus, in this case the "Term" was from March 5, 2018, to March 5, 2021 (3 years). The agreement renews then every year unless notice of termination is given; notice of termination must be given at least 60 days before completion.[4]

8. NHA provides Software Support to include, *inter alia*, updates, enhancements, testing, and solution plans for the ATMs.[5]  NHA provides a support center to liaison with the customer's designated technical coordinator.[6]  Again, pricing for Software Licensing and Support is set for the 3-year "Term."[7]

10. NHA's services under the MSA go well beyond software support.  Maintaining security protocols is paramount to the proper functioning of the Equipment and safeguarding of currency.  Turn-around time for servicing equipment is critical as time is money.

11. Problems are assigned priority levels: for instance, a Priority 1 (Critical) problem is defined as "A problem that (1) prevents the Maintained Software from processing a business process or function that is critical to Customer business or materially hinders work or use of the Maintained Software by Customer."[8]

12. NHA is then obligated to provide an Initial Response indicating receipt of notice within **one Business Hour or less**.  Required Resolution Time/Remedy is then required within "**Twenty-Four hours** for a Workaround" and "**48 hours** for submission of a correction for

---

[2] *Id.* at Appx. A, stating "Actual items and pricing to be agreed on by the parties and set forth in a purchase order issued pursuant to Section 3.2 of the Master Sales and Service Agreement."
[3] *Id.* at 2.1.
[4] *Id.*
[5] *Id.* at 9.1.
[6] *Id.* at 9.5 and 9.6.
[7] *Id.* at App. C.
[8] *Id.* at App. D – Page 2 of 2.

evaluation and testing by Customer."[9]

13. "Appendix E – Maintenance Service Statement of Work" ("Maintenance-SoW") is attached to the MSA and fully incorporated.[10] As is common, the language notes that "Capitalized terms used but not otherwise defined herein will have the same meaning ascribed to them in the Agreement."[11]

14. "Schedule A" attached to the Maintenance-SoW provides the initial list of covered ATMs.[12] The Maintenance-SoW clearly states that "Notwithstanding anything to the contrary in the Agreement, the **Term** of this Maintenance-SOW" is three (3) years.[13]

15. This is consistent with the MSA's definition of "Term" as three (3) years. ATMs might be "added, deleted, or removed throughout the **Term**, upon notice by Customer."[14]

16. Once the Term (3 years) ended, the number of ATMs was set and ATMS could not be added, deleted, or removed.

17. At this point, the Maintenance-SoW would then renew for successive one-year terms unless either Party provided written notice of cancellation at least 60 days before the completion of the successive one-year term, as the MSA also consistently states.

18. NHA performed and installed ATMs on Defendant BOW's request during the Term. NHA installed these ATMs in various states, including Nebraska, South Dakota, California, Nevada, Oregon, Minnesota, Colorado, Washington, and Iowa.

19. NHA provided Maintenance as required for the installed ATMs and in all ways performed as agreed. As stated in the MSA "NHA will make Maintenance Services available for

---

[9] *Id*. (emphasis added).
[10] *Id*. at App. E.
[11] *Id*.
[12] *Id*. at 1.1.
[13] *Id*. at 1.3 (emphasis added).
[14] *Id*. at 1.1 (emphasis added).

the Equipment subject to the terms and conditions of this Agreement and the Statement of Work attached as Appendix E."

20. NHA performed in accordance with the MSA in making Maintenance Services available to Defendant BOW in conformity with the ATMs listed during the Term.

### *Defendants Delete ATMs after the Term and Withhold Payment - Breach*

21. However, Defendant BOW began deleting ATMs and withholding payment for Maintenance beginning in 2023.

22. Defendant BOW's deletion of ATMs and withholding of payment occurred well after the end of the 3-year Term.

23. Defendant BOW deleted these ATMs without giving notice of cancellation in conformity with the 60-day requirement found in both the MSA and the Maintenance So-W.

24. NHA invoiced for the Maintenance Services in conformity with the MSA and Maintenance So-W. In accordance with the MSA at 7.3 "Payment is required within 30 days from receipt of an NHA invoice with approved credit."

25. Defendant BOW received this invoicing; however, Defendant BOW has refused to pay those sums it's obligated to pay for Maintenance Services as specified in the Maintenance-SoW.

26. Defendant BOW continues to refuse to pay NHA for those sums owed to it and, thus, it has breached the MSA.

### *Communications and Attempts to Resolve*

27. Defendant BOW's actions in deleting ATMs after the Term and withholding payment for invoiced Maintenance was contrary to the plain meaning of the language used in the MSA and Maintenance-SoW and amounted to breach.

28.     Thus, NHA called and wrote to Defendant BOW. NHA explained that Defendant BOW had not given notice of intent to terminate within the 60 days prior to renewal. NHA attempted to resolve the dispute amicably and set a deadline for Defendant BOW to respond of October 31, 2023.

29.     Defendant BOW responded in writing, stating that it would add or remove ATMs and related services at its own discretion; again, this is contrary to the MSA and Maintenance-SoW.

30.     NHA responded with an offer to mediate the dispute pre-suit in a show of good faith effort to resolve the debt owed, short of litigation; Defendant BOW declined but agreed to a teleconference.

31.     NHA agreed and the teleconference occurred on March 1, 2024. The teleconference did not lead to any resolution.

*Merger and Successor Liability*

32.     Upon information and belief, Defendant BOW entered an "Agreement and Plan of Merger of BMO Harris Bank, N.A. and Bank of the West under The Charter of BMO Harris Bank, N.A., Under The Title of BMO Harris Bank, N.A. on July 18, 2022" ("the Merger").

33.     As part of the Merger, Defendant BOW merged "with and into" BMO Harris Bank, N.A.; BMO Harris Bank, N.A. was the receiving association.

34.     The Merger was intended to be a "reorganization" wherein all assets of Defendant BOW and BMO Harris Bank, N.A. would pass and vest in the receiving association and the receiving association (BMO Harris Bank, N.A.) would then be responsible for all the liabilities of every kind and description of each other.

35.     Upon information and belief, BMO Harris Bank, N.A. then became Defendant

BMO.

36. At present, and excluding attorney's fees, taxable costs, and interest, Defendant BOW and/or Defendant BMO owe NHA a total of $1,239,221.82 under the Maintenance-SoW.

### FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO MAINTENANCE-SOW

37. NHA incorporates by reference paragraphs 1 through 36 of this Complaint as if set forth fully herein.

38. An actual controversy has arisen between NHA and Defendants BOW and BMO.

39. Based upon the foregoing facts and language of the MSA, NHA contends that Defendant BOW violated the Maintenance-SoW and MSA by deleting ATMs from the agreement after the Term and withholding monies owed in accordance with the terms of the MSA and, particularly, the Maintenance-SoW.

40. These violations resulted in actual damages suffered by NHA.

41. NHA further contends that Defendant BMO is responsible for these damages because Defendant BMO, through the receiving association listed *supra,* agreed to be responsible for those liabilities of Defendant BOW.

42. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of NHA and Defendants BOW and BMO. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

### SECOND REQUEST FOR RELIEF – BREACH OF CONTRACT

43. NHA incorporates by reference paragraphs 1 through 42 of this Complaint as if set forth fully herein.

44. NHA and Defendant BOW entered a valid, enforceable contract when executing the MSA.

45. NHA has at all times performed in the manner specified by the contract by delivering the Equipment and Services required.

46. Defendant BOW breached the contract when it deleted ATMs after the three (3) year Term and withheld monies owed in accordance with the Maintenance-SoW as further discussed, *supra*.

47. Defendant BOW then reorganized through the Merger and continues, though under the banner of Defendant BMO.

48. NHA has suffered actual damages as a result of Defendant BOW's breach, for which Defendant BOW and Defendant BMO are responsible.

### THIRD REQUEST FOR RELIEF – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

49. NHA incorporates by reference paragraphs 1 through 48 of this Complaint as if set forth fully herein.

50. Defendant BOW owed NHA a duty of good faith and fair dealing in its performance under the MSA. The good faith owed by Defendant BOW amounted to honesty in fact and the observance of reasonable commercial standards of fair dealing.

51. Defendant BOW breached this duty owed by acting in contravention of the terms agreed to by the parties and withholding of sums owed to NHA as contractually agreed.

52. This breach of duty caused actual damages to NHA, for which NHA seeks recovery in this action. Likewise, Defendant BMO is obligated on said sums in that it has become obligated for those liabilities of Defendant BOW as further explained *supra*.

### CLAIM FOR RELIEF

WHEREFORE, NHA respectfully requests that this Court assume jurisdiction over this cause, enter a declaratory judgment against Defendant BOW and BDO, and award NHA with relief

as follows:

  a. That pursuant to sec. 1.1 of the Maintenance-SoW, ATMs covered by the Maintenance-SoW might be added, deleted, or removed throughout the Term, upon notice by Customer;

  b. That the "Term" in sec. 1.1 of the Maintenance-SoW means the three (3) years following the Effective Date of March 5, 2018;

  c. That Defendant BOW breached the MSA by deleting ATMs after the "Term" and without proper notice;

  d. That Defendant BOW breached the MSA by failing to pay for sums owed under the Maintenance-SoW to NHA;

  e. That Defendants BOW and BMO are jointly and severally responsible for the amounts owed to NHA;

  f. That NHA have all actual, compensatory, and special damages, reasonable attorney's fees, taxable costs, prejudgment interest, and post-judgment interest to which it shows itself entitled; and

  g. That the Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted:

**BURT BARR AND ASSOCIATES, L.L.P.**

/s/ Lucas G. Radney
Lucas G. Radney
State Bar No. 24058061
lradney@bbarr.com
M. Forest Nelson
SBN: 14904625
fnelson@bbarr.com
P.O. Box 223667
Dallas, Texas 75222-3667
Telephone 214.943.0012
Facsimile 214.943.0048

**ATTORNEYS FOR PLAINTIFF**