IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NAUTILUS HYOSUNG AMERICA, INC.,** § § Plaintiff, § § v. § § **BMO BANK, N.A., F/K/A** § **BMO HARRIS BANK, N.A.** § **AS SUCCESSOR IN BUSINESS TO** § **BANK OF THE WEST; AND** § **BANK OF THE WEST,** § § Defendants. § | Civil Action No. **3:24-CV-1198-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants BMO Bank, N.A. f/k/a BMO Harris Bank, N.A., as Successor in Business to Bank of the West ("BMO"); and Bank of the West's ("BOW") (collectively "Defendants"), Partial Motion [sic] to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Doc. 17), filed on December 19, 2024. For the reasons herein stated, the court **denies as moot** Defendants' Motion.

I.     **Factual and Procedural Background**

On May 17, 2024, Plaintiff Nautilus Hyosung America, Inc.'s ("Plaintiff" or "NHA") filed its Complaint for Declaratory Judgment ("Complaint") (Doc. 1), pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and § 2201(a). On December 11, 2024, Plaintiff filed its First Amended Complaint ("Amended Complaint) (Doc. 15). In its Amended Complaint Plaintiff brings this action against Defendants and requests that the court grant relief for (1) breach of contract and (2) breach of duty of good faith and fair dealing.  Doc. 15.

**Memorandum Opinion and Order – Page 1**

NHA manufactures and services ATM machines. *Id* at 2. It alleges that it entered into a Master Sales and Service Agreement ("Agreement") with BOW on March 5, 2018. *Id.* NHA contends that the Agreement was a contract to provide certain equipment and services. *Id.* Further, it alleges that the Agreement was effective for a term of three years, from March 5, 2018, to March 5, 2021. *Id.* at 3. It also contends that the Agreement renewed every year unless notice of termination is given in writing at least 60 days before completion of the term. *Id.* NHA contends that BOW agreed to pay for the equipment and labor provided by it, but BOW began deleting ATMs and withholding payment for maintenance beginning in 2023. *Id.* at 5. NHA further contends that when BOW and BMO merged in 2022, BMO became responsible "for all the liabilities of every kind and description of each other." *Id.* at 6. Finally, NHA alleges that the Defendants owe it a total of $1,239,221.82 under the Maintenance Service Statement of Work ("Maintenance-SOW"). *Id.* at 7.

## II.     Diversity of Citizenship

The court *sua sponte* raises the issue of diversity of citizenship, as it is allowed to do. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). Plaintiff does not sufficiently allege facts to establish that the court subject matter jurisdiction in its Complaint nor Amended Complaint. In its Amended Complaint, Plaintiff alleges that "[u]pon information and belief, BMO is a citizen of the State of Illinois," and "[u]pon information and belief, Defendant Bank of the West . . . is a citizen of the State of California. Doc. 15 at 1-2.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of

citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). Allegations pertaining to citizenship that are made on "information and belief" are insufficient to establish citizenship, as "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017) (quoting *Getty Oil Corp.* 841 F.2d at 1259). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4. (5th Cir. 1993) (quotation marks and citations omitted).

Plaintiff has the burden of establishing subject matter jurisdiction, as this case was initially filed by it in federal court, and it is the party in this action seeking to invoke such jurisdiction. Plaintiff's allegations, which are based on "information and belief," are insufficient to establish Defendants' citizenship. It is established sufficiently that NHA is a citizen of Texas and Delaware, but Defendants' citizenship has not been sufficiently established. Given this deficiency, the court must presume that this suit lies outside of its limited jurisdiction unless Plaintiff can cure the jurisdictional deficiencies noted.

### III.    Conclusion

The court, having considered the Complaint, Amended Complaint, Motions, record, and applicable law, **concludes** that it is unable to determine whether it has subject matter jurisdiction over this action. The court **denies as moot** Defendants' Motion to Dismiss (Doc. 17); **orders** Plaintiff to file an Amended Complaint by **5 p.m.** on **January 10, 2025**, that cures the

jurisdictional defects herein noted. Failure to comply with these directives will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

Further, the court **directs** Plaintiff to properly serve Defendants with the Amended Complaint by **5 p.m.** on **February 21, 2025,** and demonstrate to the court that it has been served. Failure to serve Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff shows good cause for not effecting service on Defendants.

**It is so ordered** this 23rd day of December, 2024.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge